IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN KING, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 18-2292 |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT THOMAS MCGINLEY, THE DISTRICT ATTORNEY OF THE COUNTY OF PHILADELPHIA, and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 30th day of December, 2019, after considering the petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, Brian King ("King") (Doc. No. 2), the response to the petition filed by the respondents (Doc. No. 10), United States Magistrate Judge Jacob P. Hart's report and recommendation (Doc. No. 11), and King's objections to the report and recommendation (Doc. No. 18); accordingly, it is hereby **ORDERED** as follows:

1. King's objections to the R&R (Doc. No. 18) are **OVERRULED**;[1]

2. The Honorable Jacob P. Hart's report and recommendation (Doc. No. 11) is **APPROVED** and **ADOPTED**;

3. The petition for a writ of habeas corpus (Doc. No. 2) is **DENIED**;

4. King has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2);[2] and

5. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] The court conducts a *de novo* review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report).

In his objections to the R&R, King repeats his arguments included in his habeas petition, namely that (1) trial counsel was ineffective for failing to object to the admission of the letter sent to his co-conspirator, Tyreek Wilford ("Wilford"), (2) the trial court erred by limiting cross-examination of Wilford, (3) the prosecutor's remarks purported vouching for the credibility of Wilford resulted in prosecutorial misconduct, and (4) trial counsel failed to adequately investigate the case and challenge the sufficiency of the evidence. *Compare* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 22–28, Doc. No. 2, *with* Pet'r's Objs. to the R. & R. ("Objs.") at 8, 20–29, Doc. No. 18. In addressing these claims, Judge Hart concluded that "King is not entitled to relief because the claims are procedurally defaulted and/or meritless." R. & R. at 4, Doc. No. 11. In his objections, King maintains that this was due to his "inability to fully articulate his ineffective assistance of counsel theories in the State Courts and exhaust his present claims." Objs. at 16.

According to King, his

> PCRA counsel, (retained) Counsel, Robert Marc Gamburg and (court appointed) counsel Stephen T. O'Hanlon failed [him] in their representation and failed to defend his interest, [as they] failed to communicate and cooperate with [him] about his collateral review of claims of ineffective assistance of counsel, even after [he] made several attempts to articulate his issue[s] to both Attorneys and was just ignored.

*Id.* King argues that his PCRA attorneys abandoned him during collateral review and this was prejudicial and constituted a miscarriage of justice. *Id.* King also maintains that because the state court does not accept hybrid or *pro se* filings when petitioner has counsel, he was unable to timely present the issues he wanted to raise in the state courts due to the ineffectiveness of his PCRA counsel and the failure of his counsel to consult with him about his wishes. *Id.*

The court will first address King's argument about ineffective assistance of PCRA counsel as an excuse to procedural default before turning to briefly addressing petitioner's underlying claims. In certain cases, ineffective assistance of PCRA counsel can serve as cause and prejudice to excuse procedural default of ineffective assistance of trial counsel claims that could not have been previously presented. *Martinez v. Ryan*, 566 U.S. 1 (2012). In this regard,

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 17. To overcome procedural default under *Martinez*, a petitioner must demonstrate that his collateral review counsel was ineffective pursuant to the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) and "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the petitioner must demonstrate that the claim has some merit." *Id.* at 14.

In this case, King is not entitled to have any procedural default excused under *Martinez* because his underlying claims of ineffective assistance of counsel for failing to raise a claim of insufficiency of the evidence and for failing to investigate both lack merit. As Judge Hart explained, King does not identify any element of the crime that he believes the evidence was insufficient to establish. R. & R. at 19. "Instead, he appears to point to certain evidence, which he argues his trial attorney failed to challenge and which he believes causes the evidence to be insufficient. Given the evidence presented at trial, this claim lacks merit." *Id.* The court finds that Judge Hart's description of the facts in the R&R accurately describes the state court record and the evidence in it such as how King's co-conspirator, Wilford, identified King as the shooter in his statement to the police and at trial and how King was caught soon after the murder with a weapon of the same caliber used to kill the victim. *Id.* Accordingly, the court agrees with Judge Hart's well-reasoned analysis that the totality of the evidence "was sufficient for a reasonable jury to find that King was the one who shot the victim. Therefore, King cannot show cause and prejudice to excuse the default as a result of his counsel's failure to raise the claim of ineffective assistance of trial counsel." *Id.* at 20.

The court also finds that the underlying claim of ineffective assistance of counsel for failure to investigate, specifically counsel's failure to investigate Wilford's reference to multiple guns, to be procedurally defaulted and meritless. As Judge Hart points out, King misquoted Wilford because he was not testifying that there were multiple guns. *Id.* at 20–21. Furthermore, King would still be guilty of second-degree murder even if the jury believed he was not the one who shot the victim if the shooting occurred during the course of the robberies that he and Wilford committed together. *See* 18 Pa. C.S.§ 2502(b) ("A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony"). Therefore, trial counsel's failure to investigate or challenge Wilford's reference to multiple guns did not make trial counsel ineffective, and King cannot show that his claim has some merit. Accordingly, King's objection that the court should excuse procedural default is overruled as he has not satisfied the *Martinez* test.

The court now turns to King's first objection, that his trial counsel was ineffective for failing to object to the admission of the letter sent to Wilford. Objs. at 20. In his objections, King maintains that "trial counsel on several occasions made improper statements that indicated his client's guilt about a letter that was 'allegedly' sent to his co-defendant. A letter that was never investigated or authenticated; even after Petitioner told him [counsel] he did not send the letter*." Id*. at 21. However, as Judge Hart correctly points out,

> Petitioner failed to raise any claim related to this letter in his direct appeal or in his amended PCRA petition. Therefore, his claim of ineffective assistance of counsel relating to the admission of the letter was not properly presented to the state courts and has not been exhausted. The claim is now procedurally defaulted since King can no longer raise it in state court.

R. & R. at 9. Because King has not presented any evidence of actual innocence in an effort to prove a miscarriage of justice, King cannot meet the standard to excuse procedural default. Therefore, King's first objection is overruled.

King's second objection is that the trial court erred in limiting cross-examination of Wilford by not allowing King's trial counsel to ask Wilford if he pleaded guilty to avoid life in prison. Objs. at 23. As Judge Hart points out, "King presented this claim to the Pennsylvania Superior Court in his direct appeal and the court determined that the claim did not have merit." R. & R. at 10. The court agrees with the superior court and Judge Hart's analysis that the scope of cross-examination is within the sound discretion of the trial judge and should not be disturbed absent an abuse of discretion. *See* Superior Ct. Op. at 4 (citing N.T, 1/9/07 at 186–89); R. & R. at 10. The Superior Court concluded that the trial court did not abuse its discretion by limiting cross-examination and that "counsel was given wide latitude in his cross-examination of Wilford and the opportunity to fully explore Wilford's motivations for testifying against King." Superior Ct. Op. at 6. As Judge Hart points out "King has not demonstrated that the state court's decision was contrary to, or an unreasonable application, of any clearly established federal law." R. & R. at 11. Furthermore, given that King's trial counsel's repeated questioning resulted in the jury being informed of possible bias insofar as Wilford had escaped a life sentence shows that King did not suffer any prejudice from the trial court's evidentiary ruling. *Id.* at 11–12. With regard to any of King's claims that his rights pursuant to the Confrontation Clause were violated, the Superior Court specifically found that King waived any such claim because he failed to raise such an objection at trial. Superior Ct. Op. at 6, n.3. Therefore, the court overrules King's objection regarding the trial court erring by limiting cross-examination of Wilford as the claim is procedurally defaulted and there is no fundamental miscarriage of justice that would excuse default.

King's third claim is that the prosecutor improperly attested to Wilford's truth or veracity. Objs. at 25. In his objections, King maintains that "[t]his perceived personal reinforcement clearly jeopardize[d] the defendant's right to be tried solely on the basis of the evidence presented at trial." *Id.* at 26.

The court overrules this objection as Judge Hart correctly concluded that this claim of prosecutorial misconduct is both procedurally defaulted and lacking in merit. R. & R. at 13. In this regard, the claim is unexhausted and procedurally defaulted because King did not raise this prosecutorial misconduct claim on direct appeal or state collateral review. *Id.* at 13–14. Because King's objection does not allege prejudice beyond what was already discussed, there is no reason for the court to excuse the default. Furthermore, the court agrees with Judge Hart that the prosecutor's conduct in this case did not rise to the level of a due process violation. As Judge Hart correctly found, the statements did not rise to the level of "improper vouching as they did not contain the prosecutor's personal opinion or beliefs or any information outside of the evidence. In addition, the statements were in anticipation of and in response to the defense argument that Wilford was lying in order to get a lighter sentence." *Id.* at 15. Therefore, considering the prosecutor's statements in the context of the trial, King's claim of prosecutorial misconduct also lacks merit. Accordingly, the court overrules King's third objection.

Lastly, King objects to the R&R on the ground that he suffered from ineffective assistance of trial counsel as counsel failed to conduct an adequate investigation and failed to challenge the sufficiency of the evidence. Objs. at 27. Again, the court finds that this claim is procedurally defaulted because King did not raise it in his amended PCRA petition. R. & R. at 17. As discussed earlier, petitioner also fails to meet the standard set forth in *Martinez*, so the court cannot excuse this procedural default. Accordingly, the court overrules this final objection.

[2] For this court to issue a certificate of appealability, King would have to "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880 (1983)). Here, jurists of reason would not find it debatable whether this court resolved the instant habeas petition appropriately, and the issues presented are inadequate to deserve encouragement to proceed further.